# EXHIBIT A

# SUMMONS AND COMPLAINT

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | FOR THE SIXTEENTH JUDICIAL CIRCUIT |
| COUNTY OF YORK ) | |
| ) | |
| JACOB PHELPS and SHANNON ) | CIVIL ACTION NO.: 2011-CP-46- 02117 |
| PHELPS, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| CITIFINANCIAL AUTO ) | |
| CORPORATION and SANTANDER ) | |
| CONSUMER USA, INC., ) | |
| ) | |
| Defendants. ) | |
| ) | |

## SUMMONS

**YOU ARE HEREBY SUMMONED** and required to answer the Complaint herein, a copy of which is herewith served upon you, or to otherwise appear and defend, and to serve a copy of your Answer to said Complaint upon the subscribers at his office, 712 East Washington Street, Greenville, South Carolina, 29601, within thirty (30) days after service hereof, exclusive of the day of such service; and if you fail to answer the Complaint within the time aforesaid, or otherwise appear and defend, the Plaintiffs in this action will apply to the Court for the relief demanded therein, and judgment by default will be rendered against you for the relief demanded in the Complaint.

LAW OFFICE OF MARCUS W. MEETZE, LLC

_____
Marcus W. Meetze
wes@meetzelaw.com
712 East Washington Street
Greenville, South Carolina 29601
864-271-3555
864-242-4885 Facsimile
Attorney for Plaintiffs

May 11, 2011

STATE OF SOUTH CAROLINA ) IN THE COURT OF COMMON PLEAS
) FOR THE SIXTEENTH JUDICIAL CIRCUIT
COUNTY OF YORK )

JACOB PHELPS and SHANNON ) CIVIL ACTION NO.: 2011-CP-46-02117
PHELPS, )
)
           Plaintiffs, )
)
v. )
)
CITIFINANCIAL AUTO )
CORPORATION and SANTANDER )
CONSUMER USA, INC., )
)
           Defendants. )
)

## COMPLAINT
(Jury Trial Demanded)

Plaintiffs, Jacob Phelps and Shannon Phelps, complaining of Defendants, CitiFinancial Auto Corporation and Santander Consumer USA, Inc. alleges as follows:

### PARTIES AND JURISDICTION

1. Plaintiffs are citizens and residents of York County, South Carolina.

2. Defendant CitiFinancial Auto Corporation is a corporation organized and existing under the laws of the State of South Carolina and conducts business in York County, South Carolina.

3. Defendant Santander Consumer USA, Inc. is a corporation organized and existing under the laws of the State of Illinois and conducts business in York County, South Carolina.

4. Venue is proper pursuant to S.C. Code Ann. § 15-7-30 (1976, as amended).

5.  Jurisdiction is proper pursuant to the Constitution of the State of South Carolina and the South Carolina Code of Laws.

## FACTUAL BACKGROUND

6.  On or about October 30, 2004, Plaintiffs entered into an Agreement with CitiFinacial Auto Corporation (the "Agreement") to purchase a 2001 Chevrolet Silverado Truck (the "Automobile").

7.  Pursuant to the terms the Agreement, Plaintiffs were to make monthly payments in the amount of $365.53 for a period of 72 months.

8.  Plaintiffs made payments as called for in the Agreement.

9.  On or about September 6, 2010, Plaintiffs received a letter from CitiFinancial Auto Corporation informing Plaintiff Defendant Santander Consumer USA, Inc. would serve as a third-party servicer for Plaintiff's loan.

10. Santander Consumer USA, Inc. is an agent of CitiFinancial Auto Corporation.

11. In late September, 2010, Plaintiffs contacted Defendant Santander Consumer USA, Inc. regarding the final payment of the Agreement. Plaintiffs were informed that an outstanding balance of $3,481.15 existed.

12. Plaintiffs demanded an accounting of the alleged outstanding balance as Plaintiffs disputed the amount Defendant CitiFinancial Auto Corporation claimed it was owed. Despite said demand, Defendant Santander Consumer USA, Inc. failed and/or refused to provide Plaintiffs with an itemized accounting.

13. In late December, 2010, Defendants CitiFinancial Auto Corporation and Santander Consumer USA, Inc., by and through their agents, illegally unlocked or broke into the Automobile, converted it to Defendants' own use, and moved the Automobile from Plaintiffs' residence to a towing service.

14. Plaintiffs demanded Defendants return the Automobile, but Defendants refused.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Wrongful Repossession)

Plaintiffs reassert and reallege the previous allegations of this Complaint as fully and completely as if set forth herein verbatim.

15. Defendants' actions in converting Plaintiffs' Automobile to their own use were willful, intentional, malicious and done with the intent to oppress and harass Plaintiffs.

16. As a direct and proximate result of the conversion of the Automobile, and because the Automobile was taken without Plaintiffs' consent, Plaintiffs have been caused to suffer embarrassment and humiliation in Plaintiffs' community, and Plaintiffs have been held to public ridicule.

17. As a direct and proximate result of the conversion of the Automobile, Plaintiffs' credit has been impaired and Plaintiffs have been damaged.

18. As a direct and proximate result of the repossession of the Automobile by Defendant, Plaintiffs have incurred actual damages in the amount of $7,500.00, which represents the replacement value of the Automobile.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Breach of Contract)

Plaintiffs reassert and reallege the previous allegations of this Complaint as fully and completely as if set forth herein verbatim.

19. On or about October 30, 2004, Plaintiffs entered into a Sales Contract with CitiFinancial Auto Corporation to purchase the Automobile.

20. Inherent in every contract is the implied covenant of good faith and fair dealing.

21. Defendants CitiFinancial Auto Corporation and Santander Consumer USA, Inc. have breached the implied covanent of good faith and fair dealing by failing to provide Plaintiffs with an itemized accounting of the amount claimed due and owing and by the wrongful repossession of the Automobile.

22. As a direct and proximate result of Defendants' breaches, Plaintiffs have incurred actual damages in the amount of $7,500.00, together with incidental, special and consequential damages.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Unfair and Deceptive Trade Practices)

Plaintiffs reassert and reallege the previous allegations of this Complaint as fully and completely as if set forth herein verbatim.

23. The actions of Defendants CitiFinancial Auto Corporation and Santander Consumer USA, Inc. constitute unfair and deceptive acts and practices in violation of the South Carolina Unfair Trade Practices Act, S.C. Code §§ 39-5-10 *et seq.*

24.     The actions of Defendants CitiFinancial Auto Corporation and Santander Consumer USA, Inc. have been previously committed by them and are capable of repetition and are in violation of the Act.

25.     As a direct and proximate result of Defendants CitiFinancial Auto Corporation and Santander Consumer USA, Inc. unfair and deceptive trade practices, Plaintiffs have been damaged; therefore, Plaintiffs are entitled to treble damages in the amount of $22,500.00, together with costs and expenses of this action, including reasonable attorney's fees.

### AS AND FOR A FOURTH CAUSE OF ACTION
### (Violation of Fair Debt Collection Act)

Plaintiffs reassert and reallege the previous allegations of this Complaint as fully and completely as if set forth herein verbatim

26.     Defendants CitiFinancial Auto Corporation and Santander Consumer USA, Inc. are both debt collectors within the meaning of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692.

27.     Defendants CitiFinancial Auto Corporation and Santander Consumer USA, Inc. have knowingly and willfully misrepresented the status of Plaintiffs' account both to the Plaintiffs and to third parties.

28.     Defendants CitiFinancial Auto Corporation and Santander Consumer USA, Inc. have made false or misleading statements to Plaintiffs regarding the character, amount, and/or legal status of the debt.

29. As a direct and proximate result of violations of the Fair Debt Collection Act by Defendants CitiFinancial Auto Corporation and Santander Consumer USA, Inc., Plaintiffs have been damaged; therefore, Plaintiffs are entitled to actual and punitive damages in an amount to be determined by the trier of fact.

**WHEREFORE**, Plaintiffs pray that this Honorable Court inquire into the matters set forth herein and for:

1. A Jury Trial; and

2. As to the First Cause of Action, Judgment against Defendants CitiFinancial Auto Corporation and Santander Consumer USA, Inc., jointly and severally, in the amount of $7,500.00; and

3. As to the Second Cause of Action, Judgment against Defendants CitiFinancial Auto Corporation and Santander Consumer USA, Inc., jointly and severally, in the amount of $22,500.00; and

4. As to the Third Cause of Action, Judgment against Defendants CitiFinancial Auto Corporation and Santander Consumer USA, Inc., jointly and severally, in the amount of $7,500.00, together with incidental, special and consequential damages; and

5. As to the Fourth Cause of Action, Judgment against Defendants CitiFinancial Auto Corporation and Santander Consumer USA, Inc., jointly and severally, actual damages in the amount of $7,500.00 and punitive damages in an amount to be determined by the trier of fact.; and

6. All fees and cost associated with this action including reasonable attorney's fees; and

7. For such other and further relief as may be just and proper.

LAW OFFICE OF MARCUS W. MEETZE, LLC

_____
Marcus W. Meetze
wes@meetzelaw.com
712 East Washington Street
Greenville, South Carolina 29601
864-271-3555
864-242-4885 Facsimile_____
Attorney for Plaintiffs

May 12, 2011

## VERIFICATION

PERSONALLY APPEARED BEFORE ME the undersigned, Jacob Phelps, who on oath states: That he is a Plaintiff in the foregoing action; that he has read the allegations contained in the foregoing Complaint and same are true of his own knowledge as to those he believes them to be true.

_____
Jacob Phelps

Sworn to before me this 12th
day of May, 2011.

_____
NOTARY PUBLIC FOR SOUTH CAROLINA
My Commission Expires: 9-9-19

## VERIFICATION

PERSONALLY APPEARED BEFORE ME the undersigned, Shannon Phelps, who on oath states: That she is a Plaintiff in the foregoing action; that she has read the allegations contained in the foregoing Complaint and same are true of her own knowledge as to those she believes them to be true.

_____
Shannon Phelps

Sworn to before me this 12th
day of May, 2011.

_____
NOTARY PUBLIC FOR SOUTH CAROLINA
My Commission Expires: 9-9-19